**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1287
_____

PATRICIA POLIT-BAQUERO,
                                    Appellant
v.

WALMART STORES EAST, L.P.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:18-cv-13407)
District Judge:  Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 2, 2024
_____

Before:  CHAGARES, <u>Chief</u> Judge, RESTREPO and FREEMAN, <u>Circuit</u> <u>Judges</u>.


(Opinion filed:   February 7, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Patricia Polit-Baquero slipped and fell inside a Walmart store in Union, New Jersey. She filed a lawsuit against Walmart Stores East, L.P. ("Walmart") claiming the store's negligence resulted in her slipping and sustaining injuries. The District Court granted Walmart's motion for summary judgment, finding that Polit-Baquero failed to proffer any evidence that Walmart had constructive notice of the alleged hazard. Polit-Baquero appealed. For the reasons that follow, we will affirm the District Court's order.

I.[1]

In August 2018, Polit-Baquero entered a Walmart store in Union, New Jersey. While walking in a heavily trafficked aisle, she slipped and fell on what she believes to be water. She sustained injuries as a result of the fall.

Walmart's security cameras captured the aisle and show what occurred before and at the time of Polit-Baquero's fall. In the eleven minutes before Polit-Baquero's fall, approximately twelve customers walked through the exact spot of the fall without incident. Then, two shoppers parked their shopping cart over the place where Polit-Baquero slipped for about four minutes. One of the shoppers looked down at the floor under the cart and rubbed her foot over the area before stepping away and looking at the floor again. About thirty seconds after the shoppers left with their shopping cart, Polit-Baquero fell in the exact area where the shopper rubbed her foot.

---

[1] Because we write for the parties, we recite only facts pertinent to our decision.

Polit-Baquero filed a one-count lawsuit in New Jersey state court alleging that Walmart's negligence caused her injuries. Walmart then removed the case to the United States District Court for the District of New Jersey.

The District Court granted summary judgment in favor of Walmart. It found that Polit-Baquero failed to proffer any evidence that Walmart had constructive notice of the spill, which was fatal to her negligence claim. Polit-Baquero timely appealed.

II.

The District Court had subject matter jurisdiction to hear Polit-Baquero's removed state negligence claim pursuant to 28 U.S.C. § 1332. Our appellate jurisdiction is authorized by 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. Physicians Healthsource, Inc. v. Cephalon, Inc., 954 F.3d 615, 618 (3d Cir. 2020). We apply the same standard as the District Court: summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. (citing Fed. R. Civ. P. 56(a)). We view all "the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Stone v. Troy Constr., LLC, 935 F.3d 141, 147 n.6 (3d Cir. 2019).

III.

A plaintiff asserting a negligence claim must prove "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." Townsend v. Pierre, 110 A.3d 52, 61 (N.J. 2015) (quotation marks omitted) (citing Polzo v. County of Essex,

3

960 A.2d 375, 384 (N.J. 2008)). Under New Jersey law,[2] "[b]usiness owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." Nisivoccia v. Glass Gardens, Inc., 818 A.2d 314, 316 (N.J. 2003). The business owner's duty of care "requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." Id. When an invitee is injured on a business owner's property, the business owner "is liable for such injuries if the owner had actual or constructive knowledge of the dangerous condition that caused the accident." Jeter v. Sam's Club, 271 A.3d 317, 324 (N.J. 2022). An invitee seeking to hold the business owner accountable for negligence "must prove, as an element of the cause of action" actual or constructive knowledge of the hazard. Prioleau v. Ky. Fried Chicken, Inc., 122 A.3d 328, 335 (N.J. 2015) (quoting Nisivoccia, 818 A.2d at 316). Absence of actual or constructive knowledge is "fatal" to a plaintiff's premises liability claim. Arroyo v. Durling Realty, LLC, 78 A.3d 584, 586 (N.J. Super. Ct. App. Div. 2013); see also Prioleau, 122 A.3d at 335 (citing Arroyo favorably).

A business owner has constructive notice "when the condition existed 'for such a length of time as reasonably to have resulted in knowledge and correction had the [business owner] been reasonably diligent.'" Jeter, 271 A.3d at 324 (quoting Troupe v. Burlington Coat Factory Warehouse Corp., 129 A.3d 1111, 1114 (N.J. Super. Ct. App. Div. 2016)). Importantly, "[c]onstructive notice can be inferred in various ways," such as

---

[2] The parties agree that New Jersey law applies, as do we.

eyewitness testimony or from "[t]he characteristics of the dangerous condition giving rise to the slip and fall," which may indicate how long the condition lasted. Troupe, 129 A.3d at 1114. But "the mere existence of an alleged dangerous condition is not constructive notice of it." Jeter, 271 A.3d at 324 (cleaned up) (citing Arroyo, 78 A.3d at 586).

Polit-Baquero argues on appeal that the record demonstrates the spill existed for enough time to put Walmart on constructive notice, and that no Walmart employee inspected the heavily trafficked aisle during the time the hazard existed to remove it. She also argues that the District Court failed to apply the modified burden of proof for mode of operation cases.

The District Court correctly determined that Walmart had no constructive notice of this hazard. Polit-Baquero points to no evidence showing how long the hazard existed. She does not reference Walmart's video or any evidence establishing how long the liquid existed on the floor. In fact, at oral argument before the District Court, Polit-Baquero's counsel conceded there was insufficient evidence to establish the timing of the spill. See Appendix ("App.") 102-105. She has not adduced evidence establishing constructive notice through timing, and therefore this argument cannot defeat summary judgment. See Jeter, 271 A.3d at 321-22, 327 (affirming grant of summary judgment to a defendant-store owner after the plaintiff failed to show any evidence of how long the hazard existed); Troupe, 129 A.3d at 1114 (same); Arroyo, 78 A.3d at 586 ("The mere existence of an alleged dangerous condition is not constructive notice of it." (cleaned up)); see also Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014) ("[A]n inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat

5

summary judgment." (quoting Robertson v. Allied Signal, Inc., 914 F.2d 360, 380 n.12 (3d Cir. 1990))). Moreover, lack of inspection by Walmart employees during the hour before Polit-Baquero's fall cannot defeat summary judgment in the absence of any evidence that the store owner had actual or constructive notice of the hazard. See Jeter v. Sam's Club, No. A-0716-19, 2021 WL 1961122, at *4-5 (N.J. Super. Ct. App. Div. May 17, 2021) (rejecting this argument), aff'd, 271 A.3d 317 (N.J. 2022); Troupe, 129 A.3d at 1114 (holding that although business owners have an affirmative duty to inspect premises, they are "generally not liable for injuries caused by defects of which they had no actual or constructive notice and no reasonable opportunity to discover.").

As to Polit-Baquero's additional argument that the District Court failed to apply New Jersey's relaxed burden of proof for mode of operation cases, she has waived this argument and we will not consider it. Waiver is the "intentional relinquishment or abandonment of a known right." Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 147 (3d Cir. 2017) (quotation marks omitted); see also United States v. Dowdell, 70 F.4th 134, 140 (3d Cir. 2023). Parties may also waive arguments. See United States v. Joseph, 730 F.3d 336, 337 (3d Cir. 2013). Moreover, "[i]t is well-established that arguments raised for the first time on appeal are not properly preserved for appellate review." Simko v. U.S. Steel Corp., 992 F.3d 198, 205 (3d Cir. 2021).

At the summary judgment hearing, the District Court asked Polit-Baquero's counsel directly whether the mode of operation rule applied to the case. Polit-Baquero's counsel responded, "I'm going to stipulate this is not a mode-of-operation case. I think it would be a big reach." App. 95. This statement constituted waiver, and, as a result, the

6

District Court did not consider the mode of operation argument. We will not consider this argument for the first time.

IV.

For the foregoing reasons, we will affirm the District Court's order granting summary judgment against Polit-Baquero and in favor of Walmart.